# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDRA KIVELL, individually and as )
Personal Representative of the Estate of )
Milton J. Kivell, deceased, )
                          )
       Plaintiff )
                          )     CA. NO. N15C-07-093 ASB
          v. )
                          )
AIR PRODUCTS AND CHEMICALS, )
INC, *et al*, )
       Defendants.

Decided: December 15, 2017

On Plaintiff's Motion for Reargument.
**DENIED.**

## ORDER

On this 15th day of December, 2017, and upon Plaintiff's, Sandra Kivell, individually and as representative of the Estate of Milton J. Kivell, deceased, Motion for Reargument, it appears to the Court that:

1. The Court granted summary judgment on August 30, 2017 in favor of Defendant Air Products and Chemicals Inc. The Court granted Defendant's motion for summary judgment based on Louisiana case law including the

United States District Court for Western District of Louisiana's decision in *Roach v. Air Liquide America*.

2. Plaintiff argues that the Courts decision mirrored the arguments presented in Defendant's Reply Brief as opposed to its Opening Brief, and that the *Roach* decision relied on by the Court does not overrule the *Smith* and *Thomas* decisions. Defendant contends that its Reply responded to arguments addressed buy Plaintiff's Reply and reinforced arguments presented in its initial Motion.

3. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] *Id.*

evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

4. The Court finds that Plaintiff has not presented that the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision. The Court's Order was based on the arguments presented in Defendants Opening Brief, Plaintiff's Response, and Defendant's Reply to Plaintiff's Response. Based on Louisiana law, the Court found that Defendant did not owe Plaintiff a duty. Therefore, Plaintiff's Motion for Reargument is hereby **DENIED**.


**IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.

---

[4] *Brenner*, 2000 WL 972649, at *1.
[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)(citing *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).